# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60136
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2014

Lyle W. Cayce
Clerk

MICHAEL EUGENE DAVIS,

Petitioner-Appellant

v.

RONALD KING,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:13-CV-253

Before DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:[*]

Michael Eugene Davis, Mississippi prisoner # 164121, was convicted of armed robbery and, as a habitual offender, was sentenced to serve life in prison. Now, he appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition and argues that application of the four-part test given in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), shows that his speedy trial rights were violated.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60136

In reviewing the denial of § 2254 relief, this court reviews issues of law de novo and findings of fact for clear error. *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007). Additionally, the state court's rejection of claims on the merits is afforded deference pursuant to § 2254(d). *See Miller v. Thaler*, 714 F.3d 897, 902 n.3 (5th Cir. 2013). Under § 2254(d), habeas relief may not be granted with respect to a claim that was adjudicated on the merits in state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2); *see Harrington v. Richter*, 131 S. Ct. 770, 787 (2011).

Under *Barker v. Wingo*, 407 U.S. 514, 530 (1972), this court considers four factors when assessing a defendant's claim that he was deprived of his constitutional right to a speedy trial: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Prejudice is considered while bearing in mind the factors meant to be protected by a speedy trial: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id*. at 532.

The *Barker* analysis "eschews rigid rules and mechanical factor-counting in favor of a difficult and sensitive balancing process." *Amos v. Thornton*, 646 F.3d 199, 205 (5th Cir. 2011). Consequently, § 2254(d) mandates that this court "give the widest of latitude to a state court's conduct of its speedy-trial analysis." *Amos*, 646 F.3d at 205. Thus, so long as "there is any objectively reasonable basis on which the state court could have denied relief, AEDPA demands that [this court] respect its decision to do so." *Amos*, 646 F.3d at 205.

2

No. 14-60136

Our review of the record and application of the *Barker* analysis shows an objectively reasonable basis for the state court's rejection of this claim. Accordingly, the district court's judgment is AFFIRMED, and Davis's request for appointed counsel is DENIED.